## PARKER *v.* CASE.

1. ADVERSE POSSESSION—EVIDENCE—SUMMARY PROCEEDINGS.

   Where, in summary proceedings by complainant as executrix and trustee of her husband's estate, defendant, under plea of the general issue with notice that he claimed title in himself, gave evidence that in 1873 he purchased the land subject to a mortgage in favor of complainant's husband, who, in 1876, assigned it to a bank; that said mortgage had never been discharged of record nor any claim made under it; that, in 1880, defendant and his wife gave complainant's husband a quitclaim deed for "one dollar and other consideration;" that complainant relied upon this deed as her only source of title; that defendant in 1886 asserted his ownership of the premises and denied any claims of complainant's husband upon it; that complainant's husband lived for eight years after defendant's assertion of ownership and took no steps to disturb him; that after this assertion of ownership he built extensive improvements, and cut and sold timber from the land; that the taxes were assessed to, and paid by, defendant; and that he had been in the sole occupancy of the premises since his assertion of ownership. *Held*, that defendant presented a prima facie showing of title by adverse possession, and that the proceedings should have been dismissed.

2. EXECUTORS AND ADMINISTRATORS — ACTIONS — RIGHT TO MAINTAIN.

   An executrix and trustee of the estate of the record owner of real property is competent to maintain summary proceedings.

Error to Clinton; Searl, J. Submitted November 12, 1908. (Docket No. 124.) Decided March 3, 1909.

Summary proceedings by Lucy D. S. Parker, executrix of the last will and testament of Franklin L. Parker, deceased, against Rufus N. Case for the possession of certain real estate. There was judgment for complainant on a verdict directed by the court, and defendant brings error. Reversed, and proceedings dismissed.

*L. B. Gardner*, for appellant.

*John M. Parker*, for appellee.

McALVAY, J.   Summary proceedings under the statute were brought by complainant to obtain possession of a farm occupied by defendant.   Defendant pleaded the general issue with notice of title in himself, and the case was tried before a circuit court commissioner of Clinton county.   From a judgment in favor of complainant an appeal was taken to the circuit court.   It was there tried before a jury, and a verdict was instructed for complainant.   The defendant has brought the case here upon a writ of error.

Two principal propositions are presented for consideration.   It is urged, *first*, that the court was in error in refusing to instruct a verdict for defendant on the ground that a case was not made under the statute authorizing summary proceedings; *second*, that the court erred in instructing a verdict for complainant, and holding that the evidence did not warrant the submission of the question of adverse possession to a jury.

The following facts are undisputed:   In 1873 defendant purchased the premises in question, and immediately went into possession with his family, and has resided there continuously since that date.   The premises since his purchase have always been assessed to him, and he has paid the taxes.   At the time of his purchase complainant's husband and decedent, Franklin L. Parker, held a mortgage on this land for about $1,500, which defendant assumed and agreed to pay.   This mortgage Mr. Parker assigned in 1876 to the Ann Arbor Savings Bank without defendant's knowledge.   It has never been discharged of record, and the bank has never asked defendant for money or made any claim to him under the mortgage.   In 1880 defendant and his wife gave Mr. Parker a quitclaim deed of the premises, which recites a consideration of "one dollar and other consideration."   Complainant, who is executrix and trustee of her husband's estate, re-

lies upon this deed as her only source of title. In 1886 and 1887 defendant built on these premises an embankment barn with stone foundation on three sides, worth $500 or $600. In 1892 he built a frame house shown by the evidence to be worth from $500 to $700. During his occupancy defendant has also cut and sold considerable timber from the land. Franklin L. Parker died in February, 1894.

In our view of the case, it will be unnecessary to pass upon the first contention, and in not doing so we distinctly state that we make no intimation upon the correctness of the holding of the court. The court in disposing of the case appreciated that defendant might be able on the chancery side to sustain his contention that he had paid the mortgage, and that the quitclaim deed was in fact a mortgage, and, when he directed a verdict for complainant, he did so without prejudice to defendant's right to file his bill and restrain this proceeding.

We proceed to consider the question of defendant's adverse possession of the premises. The court held as a matter of law that the proof of the essential elements of adverse possession was not clear and cogent, and did not make out a prima facie case, relying upon *Judson* v. *Duffy*, 96 Mich. 255, and cases cited. We think that, in considering whether the court was correct in so holding, it will be necessary only to consider whether the essential element of hostility was prima facie established. That defendant's possession was open, notorious, actual, and continuous, is not disputed in this record. His testimony was not competent as to matters which occurred during the lifetime of the other party to the agreement made at the time of the transfer, but the proofs show by other testimony that he disputed Parker's title and right to put him off from the land in 1886. It was not necessary for him to continually repeat that to Mr. Parker. We can construe this act in no other way than open, active hostility to Parker's claim of title. The testimony is that he said:

"This place is mine, and you know that it is mine. You cannot put me off, and you know you can't."

Parker lived eight years after this, and took no steps to disturb defendant. The testimony further shows that, shortly after Mr. Parker's death, defendant told the son who acted as agent for the estate that "he was the owner of the farm, and that he could not get him off." Defendant testified that some time later he related minutely to this son and agent the terms of this agreement with his father at the time of the giving of the quitclaim deed, that a reconveyance was to be made when he paid the mortgage and that he has been overreached in that transaction, and that later he again asserted to the son that he was the owner of the farm. The taxes were assessed to and paid by him every year. Defendant, after he asserted his title and right to the farm, built a substantial house. He granted a right of way for a highway and for a drain, and sold gravel from the land. That he made these statements to the son is disputed by him, and other evidence tending to disprove adverse possession was introduced, but the court in considering this question must take the evidence on the part of defendant as true. It is not disputed that defendant has been in the sole occupancy of the premises since he asserted his right in 1886. These proceedings were instituted by notice served July 18, 1906.

Defendant is 78 years of age. He has suffered from a stroke of paralysis which affects his speech, but his testimony is that his memory has not been impaired. The record does not question his statement in this regard. We think the evidence, of which the foregoing is a very brief abstract, makes out a prima facie case of a hostile possession, the only essential element of his adverse possession in dispute. It was evidence sufficiently clear and cogent to be submitted to a jury. The case of *Judson* v. *Duffy*, supra, relied upon by the court, presents no evidence of the character of that in this case. We think the

court was in error in instructing a verdict for complainant. We may be inclined to think with the trial court that in a court of chancery the defendant might be able to show that he was the equitable owner of this land, yet in a forum and action not his choice he presented a valid defense, at least to the extent of making it appear that a question of title is involved. Upon that showing it became the duty of the trial court to dismiss the proceedings. *Butler* v. *Bertrand*, 97 Mich. 59, citing *Pendill* v. *Agricultural Society*, 95 Mich. 491; *Judson* v. *Duffy*, supra.

Some minor questions in the case are discussed in the briefs. We need only say of one of them that the executrix and trustee of this estate could maintain proceedings of this nature.

The judgment of the circuit court is reversed, with costs of this court, the circuit court, and costs on appeal from the commissioner's court to defendant. A judgment will be entered in this court dismissing the proceedings for the reason stated.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.